**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JOHNNYLEE PRESTON BURK,

          Plaintiff-Appellant,

  v.

PATRICK NELSON; et al.,

          Defendants-Appellees.

No. 18-35279

D.C. No. 3:17-cv-00206-RRB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted May 21, 2019[**]

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Johnnylee Preston Burk appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging false arrest claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Barren v. Harrington*, 152

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Burk's action because Burk failed to allege facts sufficient to show that his alleged harm was caused by the unlawful arrest that occurred on January 28, 2015, or that officers lacked probable cause to arrest him on January 29, 2015. *See Lingo v. City of Salem*, 832 F.3d 953, 960 (9th Cir. 2016) ("[N]othing within the fruit-of-the-poisonous-tree doctrine suggests that an officer must ignore facts that would give him probable cause to arrest a person merely because those facts were procured through an unlawful search."); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (the absence of probable cause is an essential element of a § 1983 false arrest claim).

**AFFIRMED.**

18-35279